Gregory K. Nelson, Esq., CSB No. 203029
    Email: nelson@weeksnelson.com
Chandler G. Weeks, Esq., CSB No. 245503
    Email: cgw@weeksnelson.com
WEEKS NELSON
462 Stevens Avenue, Suite 310
Solana Beach, CA 92075
Telephone: (858) 794-2140
Fax: (858) 794-2141
Email: Office@weeksnelson.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **RED.COM, INC., dba RED DIGITAL CINEMA**, a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**NOKIA USA INC.**, a Delaware corporation, and **NOKIA TECHNOLOGIES, LTD.**, an unknown corporate entity<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Red.com, Inc. dba Red Digital Cinema (hereinafter referred to as "RED") hereby complains of Nokia USA Inc. and Nokia Technologies, Ltd. (hereinafter collectively referred to as "Nokia" or "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over this action is founded upon 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b). Defendants have offices within California, conduct business in California and within this judicial district and have made, used, offered for sale and/or sold infringing products in this judicial district.

## THE PARTIES

3. Red.com, Inc. is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at 34 Parker, Irvine, California 92618, and doing business within this judicial district.

4. RED is informed and believes, and thereupon alleges that Defendant Nokia USA, Inc. is a Delaware corporation having its principal place of business located at 6000 Connection Drive, Irving, Texas 75039. RED is informed and believes, and thereupon alleges, that Defendant Nokia USA Inc. also has offices in California, at least at 200 South Mathilda Avenue, Sunnyvale, California 94086, and that it is registered with the California Secretary of State to conduct business in California and in fact does conduct business in California. RED is informed and believes, and thereupon alleges, that Defendant Nokia USA Inc. has made, used, offered to sell, advertised and/or sold products, including the accused products identified below, directly and in the stream of commerce knowing such products would be sold in California and in this judicial district.

5. RED is informed and believes, and thereupon alleges that Defendant Nokia Technologies, Ltd. is an unknown corporate entity having offices at 200 S.

Mathilda Avenue, Sunnyvale, California 94086. RED is informed and believes, and thereupon alleges, that Defendant Nokia Technologies, Ltd. also has offices in California and that it is registered with the California Secretary of State to conduct business in California and in fact does conduct business in California. RED is informed and believes, and thereupon alleges, that Defendant has made, used, offered to sell, advertised and/or sold products, including the accused products identified below, directly and in the stream of commerce knowing such products would be sold in California and in this judicial district.

## FACTUAL BACKGROUND

6. Since at least 2005, RED has been and continues to be actively engaged in the design, development, manufacture and sale of high performance digital still and motion cinematography cameras, video equipment and accessories, digital editing software, video players and generally, imaging format technology used in the dissemination, broadcast, or transmission of video. Since the introduction of its revolutionary RED ONE® camera, RED's products have been used to film blockbuster movies, as well as many other movies and television series. The RED cameras and products have revamped the movie making process and industry.

7. RED is the owner by assignment of U.S. Patent No. 8,174,560, duly and lawfully issued on May 8, 2012, describing and claiming the invention entitled "Video Camera." A true and correct copy of U.S. Patent No. 8,174,560 is attached hereto as Exhibit 1.

8. RED is the owner by assignment of U.S. Patent No. 9,019,393, duly and lawfully issued on April 28, 2015, describing and claiming the invention entitled "Video Processing System and Method." A true and correct copy of U.S. Patent No. 9,019,393 is attached hereto and incorporated by reference as Exhibit 2.

9. RED is the owner by assignment of U.S. Patent No. 9,245,314, duly and lawfully issued on January 26, 2016 describing and claiming the invention

entitled "Video Camera." A true and correct copy of U.S. Patent No. 9,245,314 is attached hereto and incorporated by reference as Exhibit 3.

10. RED is informed and believes, and thereupon alleges that Nokia is selling certain video cameras that unlawfully embody the claimed subject matter of U.S. Patent Nos. 8,174,560, 9,019,393, and 9,245,314. In particular, RED is informed and believes, and thereupon alleges, that Defendant's Nokia Ozo camera embodies the subject matter claimed in RED's asserted patents without any license thereunder and thereby infringe RED's U.S. Patent Nos. 8,174,560, 9,019,393, and 9,245,314. RED is informed and believes, and based thereon alleges that Nokia made, used, imported, advertised, offered for sale and/or sold its accused cameras to multiple distributors, retailers, and/or retail customers.

11. Nokia is on notice of RED's patents, as RED provides patent notice on its products, packaging, and/or at www.red.com/patent. Despite actual and/or constructive knowledge, Nokia continues to infringe RED's patent rights. On information and belief, such infringement by Nokia has been willful and wanton.

12. RED is informed and believes and thereupon alleges that the sale of Nokia's unauthorized, infringing cameras has resulted in lost sales, reduced the business and profit of RED, and greatly injured the general reputation of RED, all to RED's damage in an amount not yet fully determined. The exact amount of profits realized by Nokia as a result of its infringing activities, are presently unknown to RED, as are the exact amount of damages suffered by RED as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting.

13. Nokia is a competitor of RED. Nokia sells its cameras in the same channels as RED. Nokia' unauthorized, infringing sales are likely to cause irreparable harm to RED, which cannot be compensated by damages. Accordingly, RED seeks a preliminary and permanent injunction enjoining Nokia from making, using, offering to sell and selling its Ozo camera.

# FIRST CLAIM FOR RELIEF
## Patent Infringement

14. The allegations of paragraphs 1 through 13 are repled and realleged as though fully set forth herein.

15. This is a claim for patent infringement, and arises under 35 U.S.C. Sections 271 and 281.

16. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

17. RED is the owner of U.S. Patent No. 8,174,560, which protects the claimed invention entitled "Video Camera." A true and correct copy of U.S. Patent No. 8,174,560 is attached hereto as Exhibit 1. By statute, the patent is presumed to be valid and enforceable under 35 U.S.C. § 282.

18. Nokia, through its agents, employees and servants, have manufactured, imported, advertised, offered to sell, and sold, without any rights or license from RED, cameras that falls within the scope and claim(s) contained in U.S. Patent No. 8,174,560. Such actions constitute direct, indirect, and/or contributory infringement.

19. RED is informed and believes and thereupon alleges that Nokia willfully infringed upon RED's exclusive rights under this patent, with full notice and knowledge thereof.

20. RED is informed and believes and thereupon alleges that Nokia has derived, received and will continue to derive and receive from the aforesaid acts of infringement, gains, profits and advantages in an amount not presently known to RED. By reason of the aforesaid acts of infringement, RED has been, and will continue to be, greatly damaged.

21. Nokia may continue to infringe U.S. Patent No. 8,174,560 to the great and irreparable injury of RED, for which RED has no adequate remedy at law unless Nokia is enjoined by this court. Accordingly, RED seeks a preliminary and

permanent injunction enjoining Nokia from making, using, importing, offering to sell and/or selling its Ozo cameras.

## SECOND CLAIM FOR RELIEF
## Patent Infringement

22. The allegations of paragraphs 1 through 13 are repled and realleged as though fully set forth herein.

23. This is a claim for patent infringement, and arises under 35 U.S.C. Sections 271 and 281.

24. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

25. RED is the owner of U.S. Patent No. 9,019,393, which protects the claimed invention entitled "Video Processing System and Method." A true and correct copy of U.S. Patent No. 9,019,393 is attached hereto as Exhibit 2. By statute, the patent is presumed to be valid and enforceable under 35 U.S.C. § 282.

26. Nokia, through its agents, employees and servants, have made, imported, advertised, offered to sell, and sold, without any rights or license from RED, a video processing system that falls within the scope and claim contained in U.S. Patent No. 9,019,393. Such actions constitute direct, indirect, and/or contributory infringement.

27. RED is informed and believes and thereupon alleges that Nokia willfully infringed upon RED's exclusive rights under this patent, with full notice and knowledge thereof.

28. RED is informed and believes and thereupon alleges that Nokia has derived, received and will continue to derive and receive from the aforesaid acts of infringement, gains, profits and advantages in an amount not presently known to RED. By reason of the aforesaid acts of infringement, RED has been, and will continue to be, greatly damaged.

29. Nokia may continue to infringe U.S. Patent No. 9,019,393 to the great and irreparable injury of RED, for which RED has no adequate remedy at law unless Nokia is enjoined by this court. Accordingly, RED seeks a preliminary and permanent injunction enjoining Nokia from making, using, importing, distributing, disseminating, offering to sell and/or selling its video processing system associated with its Ozo camera.

## THIRD CLAIM FOR RELIEF
### Patent Infringement

30. The allegations of paragraphs 1 through 13 are repled and realleged as though fully set forth herein.

31. This is a claim for patent infringement, and arises under 35 U.S.C. Sections 271 and 281.

32. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

33. RED is the owner of U.S. Patent No. 9,245,314, which protects the claimed invention entitled "Video Camera." A true and correct copy of U.S. Patent No. 9,245,314 is attached hereto as Exhibit 3. By statute, the patent is presumed to be valid and enforceable under 35 U.S.C. § 282.

34. Nokia, through its agents, employees and servants, have manufactured, imported, advertised, offered to sell, and sold, without any rights or license from RED, a camera that falls within the scope and claim contained in U.S. Patent No. 9,245,314. Such actions constitute direct, indirect, and/or contributory infringement.

35. RED is informed and believes and thereupon alleges that Nokia willfully infringed upon RED's exclusive rights under this patent, with full notice and knowledge thereof.

36. RED is informed and believes and thereupon alleges that Nokia has derived, received and will continue to derive and receive from the aforesaid acts of infringement, gains, profits and advantages in an amount not presently known to

RED. By reason of the aforesaid acts of infringement, RED has been, and will continue to be, greatly damaged.

37. Nokia may continue to infringe U.S. Patent No. 9,245,314 to the great and irreparable injury of RED, for which RED has no adequate remedy at law unless Nokia is enjoined by this court. Accordingly, RED seeks a preliminary and permanent injunction enjoining Nokia from making, using, importing, offering to sell and/or selling its Ozo cameras.

WHEREFORE, Plaintiff Red.com, Inc. prays as follows:

1. That Nokia, jointly and severally, be adjudicated to have infringed RED's U.S. Patent No. 8,174,560, and that the patent is valid and enforceable and is owned by RED;
2. That Nokia, jointly and severally, be adjudicated to have infringed RED's U.S. Patent No. 9,019,393, and that the patent is valid and enforceable and is owned by RED;
3. That Nokia, jointly and severally, be adjudicated to have infringed RED's U.S. Patent No. 9,245,314, and that the patent is valid and enforceable and is owned by RED;
4. That Nokia, their agents, servants, employees, and attorneys and all persons in active concert and participation with them, be forthwith preliminarily and thereafter permanently enjoined from making, using, importing, offering to sell or selling any cameras that infringe United States Patent Nos. 8,174,560, 9,019,393, and 9,245,314;
5. That Nokia be required to account to RED for any and all profits derived by them associated with their sale of Ozo camera and Ozo camera processing systems, and all damages sustained by RED by reason of Nokia' patent infringement;

6. For an assessment and award of damages against Nokia in an amount no less than lost profits or a reasonable royalty, pursuant to 35 U.S.C. § 284;

7. For an order requiring Defendant to deliver up and destroy all infringing cameras;

8. That an award of reasonable costs, expenses, and attorneys' fees be awarded against Defendant pursuant to 35 U.S.C. § 285;

9. That Defendant be directed to file with this court and serve upon RED within 30 days after the service of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Nokia have complied with the injunction; and

10. For such other relief as the Court may deem appropriate at law or equity.

DATED:  March 30, 2016          WEEKS NELSON

<u>/s/ Gregory K. Nelson</u>
Gregory K. Nelson
Attorney for Plaintiff, Red.com, Inc.

## JURY DEMAND

Plaintiff Red.com, Inc. hereby requests a trial by jury in this matter.

DATED:  March 30, 2016          WEEKS NELSON

<u>/s/ Gregory K. Nelson</u>
Gregory K. Nelson
Attorney for Plaintiff, Red.com, Inc.